# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| DAVID L. LIGHTSEY, SR. | CIVIL ACTION NO. 07-0036 |
| VS. | SECTION P |
| JAMES M. LeBLANC, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on January 4, 2007[1] by *pro se* petitioner David L. Lightsey, Sr.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Dixon Correctional Center where he is serving an eight year sentence imposed following his February 23, 2000 simple arson conviction entered  in the Sixteenth Judicial District Court, for St. Mary Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it is barred by the one-year period of limitations codified at 28 U.S.C. § 2244(d).

---

[1] The petition was signed on January 4, 2007 and filed in this court on January 8, 2007.  Accordingly, the undersigned has given petitioner the benefit of the federal "mailbox rule".  *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir.1998).

## Statement of the Case

On February 23, 2000, petitioner was found guilty of simple arson, following trial by jury in Louisiana's Sixteenth Judicial District Court for St. Mary Parish. On April 27, 2000, petitioner was sentenced to serve eight years imprisonment.  Petitioner's Motion to Reconsider his sentence was denied by the trial court on June 8, 2000.

Petitioner directly appealed to the Louisiana First Circuit Court of Appeals, arguing that his sentence was excessive.  On May 11, 2001, petitioner's conviction and sentence were affirmed.  *State of Louisiana v. David Lee Lightsey, Sr.*, 2000-2302, 798 So.2d 330 (La. App. 1 Cir. 5/11/2001) (unpublished).  Petitioner did not seek further direct review in the Louisiana Supreme Court.[2]

On December 18, 2001, petitioner filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court.  Petitioner argued that he was denied effective assistance of trial counsel.  An evidentiary hearing was held on July 22, 2002, at which both petitioner and his trial attorney testified.  Petitioner's post-conviction application was denied by the trial court on August 19, 2002.

Although unclear, petitioner apparently sought review in the Louisiana First Circuit Court of Appeal, which on some unknown date, denied petitioner's request.[3]  Thereafter, petitioner apparently sought review in the Louisiana Supreme Court.  On June

---

[2] This fact is confirmed by a review of the published jurisprudence of the State of Louisiana which reveals no Louisiana Supreme Court decision referencing the First Circuit's May 11, 2001 decision on direct appeal.

[3] The writ denial is unpublished.  However, the subsequent decision of the Louisiana Supreme Court references the First Circuit's decision as First Circuit docket number 2003-KW-382.

25, 2004, the Louisiana Supreme Court denied writs.  *State of Louisiana ex rel. David L. Lightsey, Sr. v. State of Louisiana*, 2003-1878, 876 So.2d 821 (La. 6/25/2004).

The instant petition for federal *habeas corpus* relief was not signed, and thus not filed, in this court until, at the earliest, January 4, 2007.[4] In his original petition, petitioner argues two claims for relief: (1) that the trial court erred when it failed to subpoena petitioner's witnesses for the hearing on petitioner's Post-Conviction Application; and (2) that petitioner received ineffective assistance of counsel at trial.  In an amended petition filed on January 31, 2007, petitioner argues three additional claims for relief: (1) that the State's witnesses lied when they testified at petitioner's trial; (2) that petitioner's trial counsel lied  at the evidentiary hearing on petitioner's Application for Post-Conviction Relief; and, (3) that the trial court refused to hear petitioner's witnesses at the evidentiary hearing on petitioner's Application for Post-Conviction Relief.

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

---

[4]*See* fn. 1, *supra.*

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year period of limitations for the filing of an application for writ of *habeas corpus* by state convicts.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[5]

The tolling provision set forth in 28 U.S.C. §2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However,  any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal on May 11, 2001.  Petitioner did not seek further direct review in the Louisiana Supreme Court.  Thus, petitioner's conviction became final after the delay for seeking direct review in the  Louisiana Supreme Court expired, that is, at the latest, June

---

[5] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered.  *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D).  Accordingly, these subsections are inapplicable.

11, 2001, thirty days after the First Circuit's opinion. *See* La.S.Ct. Rule X, §5(a)[6]; *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

Petitioner filed his Application for Post-Conviction Relief on December 18, 2001 and, assuming this filing remained properly filed and pending, petitioner was thus able to toll the limitations period until June 25, 2004 when the Louisiana Supreme Court denied writs. *See Lawrence v. Florida,* -- U.S. --, 127 S.Ct. 1079, 1083 (2007) (holding that statutory tolling ends when the state courts have finally resolved an application for post-conviction relief, that is, when the highest state court has issued its ruling).

Petitioner did not file the instant federal petition for *habeas corpus* relief until over two and one half years later, at the earliest, on January 4, 2007.   By that time, however, the federal one-year limitation period had expired.  Therefore, giving petitioner the benefit of every doubt, it is clear that the instant  federal *habeas* petition is statutorily time-barred, and dismissal on that basis is appropriate.

Petitioner is also unable to rely upon the doctrine of equitable tolling  To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,* -- U.S. at --, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*,

---

[6] Louisiana Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing...." The Uniform Rules, Courts of Appeal, Rule 2-17.1 provides, "Notice of judgment of a Court of Appeal shall be ... mailed by the clerk to all counsel of record, and to all parties not represented by counsel."  In the absence of any evidence to the contrary, it is assumed that the court followed its own rule and mailed Notice of Judgment to petitioner's appellate counsel on the date the decision was rendered.

544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v.*

*Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v.*

*Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th

Cir.2000).  Here petitioner inexplicably waited over two and one half years after the

Louisiana Supreme Court's writ denial to file for federal *habeas corpus* relief.  Under

these circumstances, the undersigned cannot find that petitioner diligently pursued federal

*habeas* relief.  Moreover, petitioner has failed to demonstrate any extraordinary

circumstance which in any way prevented his timely filing.

 For the reasons set forth above;

 **IT IS RECOMMENDED** that this petition for federal *habeas corpus* relief be

**DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are

barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

 Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report

and recommendation to file specific, written objections with the Clerk of Court. A  party

may respond to another party's objections within ten (10) days after being served with a

copy of any objections or response to the District judge at the time of filing.

 **Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

      **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, March 23, 2007.

                                    C. MICHAEL HILL
                                    UNITED STATES MAGISTRATE JUDGE